## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA HOWARD,
   Appellant,

  v.

DEPARTMENT OF DEFENSE,
   Agency.

DOCKET NUMBER
DC-1221-23-0349-W-1

DATE: January 3, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristen Farr, Esquire, Washington, D.C., for the appellant.

Ashley Wilson, Esquire, and Michael Ludwig, Esquire,
 Alexandria, Virginia, for the appellant.

Anette H. Veldhuyzen, Esquire, Fort Belvoir, Virginia, for the agency.

Rachael Orejana, Esquire, Bethesda, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which found that the agency proved by clear and convincing evidence that it would have terminated her during her probationary period in the absence of her whistleblowing disclosures and denied her request for corrective action in this individual right of action (IRA) appeal. On petition for review, the appellant challenges some of the administrative judge's factual findings, asserts that the agency committed harmful procedural error, contends that the administrative judge improperly limited the testimony of her former supervisor, and attaches several documents. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Neither party challenges the administrative judge's conclusion that the appellant proved by preponderant evidence that she made whistleblowing disclosures that were a contributing factor in the agency's decision to terminate her during her probationary period. Similarly, the appellant does not challenge the administrative judge's finding that her other allegations did not constitute a

significant change in working conditions, duties, or responsibilities based on a hostile work environment and did not constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). Initial Appeal File (IAF), Tab 39, Initial Decision (ID) at 14-25 (discussing *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 16, 23, 29). We affirm the initial decision in this regard.

On review, the appellant asserts that the administrative judge erred in her findings related to a June 12, 2021 Quality Indicator Performance Report (QIPR) form. PFR File, Tab 1 at 13-16; IAF, Tab 12 at 71-72. This argument relates to the administrative judge's evaluation of the strength of the agency's evidence in support of the termination action.[2] ID at 32-35. The administrative judge stated in the initial decision that the appellant wrote in the QIPR about a patient who was admitted, tested, and cross-matched under an incorrect medical record number, but she failed to take corrective action, and when questioned about it, she said that she was not trained on how to complete the form. ID at 6-7, 32-35. The agency asserted, among other things, that the appellant failed to follow policy when she did not complete the corrective action portion of the form. ID at 32; IAF, Tab 12 at 71.

The administrative judge considered the testimony of several agency witnesses and the appellant, and she found that the appellant knew how to complete the QIPR form because she had completed it previously (including the corrective action section). ID at 32-35 (citing IAF, Tab 20 at 104-05). The administrative judge noted that, at a minimum, the appellant should have spoken with a supervisor if she believed further immediate action was necessary that she was unable to address. ID at 33. Because having the wrong patient number could potentially result in a risk to patient safety and the appellant's failure to immediately correct the error could have serious consequences, the administrative

---

[2] The appellant does not challenge the administrative judge's conclusion that the relevant agency officials had some, albeit limited, motive to retaliate, and the limited comparator evidence was not a strong factor in the agency's favor. ID at 53-63. We affirm the initial decision in this regard.

judge found the appellant's failure in this regard to be serious. ID at 34-35. The Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

Relatedly, the appellant asserts that the agency "withheld the entire [Standard Operating Procedure (SOP)] [en]titled [Transfusion Services] 1.000 PR Quality Program" from its submission, except for two pages, and that the full SOP would have supported her defense regarding the roles and responsibilities of personnel involved in completing the QIPR. PFR File, Tab 1 at 13-16. She also includes the SOP with her petition for review.[3] *Id.* at 36-62. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Even if we consider this argument, a different outcome is not warranted. The appellant acknowledges that her responsibilities included "document[ing] corrective actions." PFR File, Tab 1 at 14; IAF, Tab 12 at 68. Therefore, even if a supervisor was also responsible for documenting corrective action, PFR File, Tab 1 at 14, she was not relieved of her obligation to do so, particularly in an urgent situation. For these reasons, we discern no error with the administrative judge's evaluation of the QIPR issue. Moreover, we

---

[3] In addition to the SOP, the appellant submits, among other things, her performance standards for the 2021 and 2022 appraisal years, Department of Defense Instruction 1400.25, Administrative Instruction 8 relating to disciplinary and adverse actions, and the agency's Table of Offenses and Penalties. PFR File, Tab 1 at 26-155. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing, and we do not consider these documents on review.

affirm the administrative judge's conclusion that the factor involving the strength of the agency's evidence favored the agency for the reasons stated in the initial decision. ID at 26-53.

We have considered the appellant's remaining arguments on review, but none warrants a different outcome. For example, the appellant asserts that the agency committed harmful procedural error because it did not follow proper procedures for effecting her termination, including that the acting supervisor did not have the authority to terminate her. *See, e.g.*, PFR File, Tab 1 at 4-10, 21-25. However, the Board lacks jurisdiction to hear a claim of harmful procedural error in an IRA appeal. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 15 (2016).

We also have considered the appellant's argument regarding the administrative judge's decision to limit the testimony of her former supervisor, who resigned in April 2021. PFR File, Tab 1 at 16-21; ID at 2. In pertinent part, the appellant asserts that her former supervisor, among other things, "had expertise in the field as an accredited blood bank supervisor," and "extensive knowledge of the department, procedures, and regulations," and she "would have given thoughtful expert information, insight, and opinion to all matter[s] related to the department and the allegations [that were] put forth to remove [her]." PFR File, Tab 1 at 16.

The record reflects that the agency objected to the former supervisor's testimony because it was not relevant, but the administrative judge determined that the former supervisor had relevant testimony regarding interactions between the appellant and her co-workers during the time that the former supervisor was a supervisor in the office. IAF, Tab 24 at 2. The limits that the administrative judge placed on the former supervisor's testimony were within her broad

discretion.[4]  *See, e.g., Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (stating that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony that would be irrelevant); 5 C.F.R. §§ 1201.41(b)(3), (8).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] The appellant appears to have re-typed her former supervisor's letter to the Office of Special Counsel in her petition for review.  PFR File, Tab 1 at 17-21.  However, the appellant included this letter with her prehearing submission, and it is not new evidence.  IAF, Tab 16 at 31-32; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Therefore, we need not consider it on review.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     _____

                                   *Gina K. Grippando*
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.